833 F.2d 1006
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor Loreto BLANCO-CARDENAS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor Loreto BLANCO-CARDENAS, Defendant-Appellant.
 Nos. 86-5558, 86-5559.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 8, 1987.
Decided: Nov. 10, 1987.
 
 John Baker Boatwright, III for appellant.
 (Glenda G. Gordon, Assistant United States Attorney, Breckinridge L. Willcox, United States Attorney on brief) for appellee.
 Before WIDENER, K.K. HALL, and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Victor Loreto Blanco-Cardenas (Blanco) pleaded guilty to one count of distribution of cocaine and one count of conspiracy to distribute cocaine. A presentence investigation (PSI) report was prepared. Blanco was advised in writing that any factual inaccuracies in the report should be made known to the Probation Office, and if questioned matters could not be resolved, the questioned portions should be brought to the sentencing court's attention. Prior to his sentencing Blanco made corrections to the PSI report, all of which were incorporated into an addendum thereto submitted by his probation officer.
 
 
 2
 At his sentencing, Blanco, by counsel, disagreed with the government's "speculation" about certain facts regarding the magnitude of his involvement in and profit from illegal activities. Counsel also challenged "some of the comments as to the substantive allegations" regarding Blanco's role in the conspiracy. In this appeal Blanco argues that the challenged comments contain factual inaccuracies in the PSI sufficient to require the sentencing court, under F.R.Crim.P. 32(c)(3)(D), either to make a finding as to controverted matters or state that no finding was made.
 
 
 3
 Generalized comments may not create controverted matters. The rule speaks of "factual inaccuracies" and defense counsel, at best, alleged only a factual inaccuracy in the amount of cocaine distributed by his client. At the sentencing hearing, the district court stated that no finding to resolve the controversy was necessary, the judge accepted Blanco's estimate of amount when he sentenced him. He thereby complied with the requirement of F.R.Crim.P. 32(c)(3)(D). In United States v. Hill, 766 F.2d 856 (4th Cir.1985), we held that it is not necessary for the district court to make a finding that a controverted fact is either true or not true, it is only necessary for the district court to say how it treated the controverted fact in sentencing. Id. at 858.
 
 
 4
 Blanco's brief alleges eleven separate controverted matters contained in the PSI report. However, the allegations come too late. F.R.Crim.P. 32(c)(3)(D) does not provide a procedure for a convicted defendant to challenge the PSI report once sentencing has taken place.
 
 
 5
 In this case, like Hill, we are unable to determine whether a statement of the district court's resolution, at sentencing, of the controversy as to amount of cocaine distributed has been attached to the PSI report. The PSI report was not included in the Joint Appendix. This is a ministerial task which does not call for a vacation of a sentence or resentencing. Hill, 766 F.2d at 859. In order to achieve full compliance with Fed.R.Crim.P. 32(c)(3)(D) a statement of the resolution must be appended to the PSI report. If one has not yet been attached, we ask the appellee in this case to include one. A copy of this court's opinion, or a copy of a pertinent part of the transcript of the sentencing proceeding will be sufficient.
 
 
 6
 Blanco's request that this case be remanded to the trial court for findings as to controverted matters in the PSI report is denied. Judgment in favor of the United States is affirmed.
 
 
 7
 AFFIRMED.